UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| DEBBIE A. STAGE o/b/o, ) | |
| BRIAN C. McCARTY (DECEASED) ) | |
| ) | |
| Plaintiff, ) | |
| ) | CAUSE NO. 2:13-CV-414-JVB-JEM |
| v. ) | |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of the ) | |
| Social Security Administration ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Plaintiff Debbie Stage moves the Court for attorneys' fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. For the reasons stated below, the Court FINDS Plaintiff's fee application presumptively reasonable and, accordingly, ACCEPTS it in its entirety; GRANTS Plaintiff's Motion for Attorney's Fees (Docket No. 33); and AWARDS Plaintiff $33,265.35.

A.  **Overview of the Case**

Plaintiff filed an application for Supplemental Security Income, Disability Insurance Benefits, and Widow's Insurance Benefits. Her application was denied, both initially and upon reconsideration. She then proceeded to a hearing before an Administrative Law Judge (ALJ), who found she was not disabled. Thereafter, the Appeals Council denied Plaintiff's request to review the ALJ's decision, thereby solidifying the denial into final agency action reviewable by the courts under 42 U.S.C. § 405(g).

1

Plaintiff next appealed the denial to district court, where the Commissioner's denial was affirmed. *See Stage v. Colvin,* 2015 WL 1402149 (2015). Plaintiff appealed to the Seventh Circuit, which vacated the judgment of the district court and remanded the case back to the Social Security Administration. *See Stage v. Colvin*, 812 F.3d 1121 (2016). The Seventh Circuit instructed the ALJ to obtain medical testimony regarding Plaintiff's hip replacement and to give more reasoned assessments of Plaintiff's credibility, residual functional capacity, and the proper weight to be afforded to the opinion of Plaintiff's treating physician. *See Stage,* 812 F.3d at 1126–27.

Having uncontestedly assumed the classification of a "prevailing party," Plaintiff now seeks an award of attorneys' fees for litigation before the district and appellate courts under the Equal Access to Justice Act (EAJA). 28 U.S.C. § 2412.

**B.      Legal Standard**

The general "American" rule requires each litigant to pay his own attorney's fees and expenses. *See Hensley v. Eckerhart*, 461 U.S. 424, 429. The Equal Access to Justice Act (EAJA), however, reverses this general approach to fees when certain qualifications are met. The EAJA entitles a civil litigant prevailing against the United States to attorneys' fees "unless the court finds that the position of the United States was substantially justified." 28 U.S.C. § 2412(d)(1)(A). A party must meet several conditions to be eligible for fees under the EAJA. *Comm'r, I.N.S. v. Jean,* 496 U.S. 154, 158–61 (1990).[1] Once he meets these conditions, however, it is the task of the District Court to determine what fees are reasonable. *Id.* at 161.

---

[1]      These conditions, while not at-play here because Plaintiff's eligibility for fees is not disputed, are as follows: (1) the claimant must be a "prevailing party, (2) the Government's position must be not "substantially justified," (3) no "special circumstances" may make an award unjust, and (4) any fee application must be submitted to the court within 30 days of final judgment in the action and must supported by an itemized statement. *Jean,* 496

There exists no precise rule or formula for determining what fees are reasonable. *Hensley,* 461 U.S. at 436. A reasonable fee is a fee which is sufficient to induce a capable attorney to undertake the representation of a meritorious case. *See Perdue v. Kenny*, 559 U.S. 542, 552 ("A reasonable attorney's fee is one that is adequate to attract competent counsel, but that does not produce windfalls to attorneys.") (quoting *Blum v. Stenson*, 465 U.S. 886, 897 (1984)). A district court hearing an EAJA claim may accept the Plaintiff's fee application, may attempt to identify specific hours that should be eliminated, or may simply reduce the award to account for limited success in the underlying litigation. *See id.* Such a determination is an equitable judgment in which the court must necessarily exercise its discretion. *Id.*

The absence of a precise formula for calculating reasonable fees does not, however, grant a district court boundless discretion. *See Montanez v. Simon*, 755 F.3d 547, 553 (7th Cir. 2014). A district court must provide "a concise but clear explanation of its reasons for the fee award." *Hensley*, 461 U.S. at 437; *see also Montanez*, 755 F.3d at 553 (emphasizing that a district court "must apply the correct [legal] standard" and "bears the responsibility of justifying its conclusions") (quoting *Fox v. Vice*, 563 U.S. 826, 838 (2011) and *Sottoriva v. Claps*, 617 F.3d 971, 975 (7th Cir. 2010)). A district court must also provide a "reasonably specific explanation for all aspects of a fee determination." *Perdue*, 559 U.S. at 559. This explanation may be "concise," but must remain an "explanation," *i.e.*, "a rendering of reasons in support of a judgment"; not a conclusory statement. *Sottoriva*, 617 F.3d at 976.

The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.

---

U.S. at 158. Because the Plaintiff's eligibility for fees is not contested, the Court will only discuss the reasonableness of the fees to be awarded.

*Hensley*, 461 U.S. at 433.[2] This is referred to as the lodestar. *Perdue*, 559 U.S. at 546. "[T]he lodestar figure includes most, if not all, of the relevant factors constituting a 'reasonable' attorney's fee." *Id.* at 553 (quoting *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 566 (1986)). As such, the lodestar method yields a fee which is presumptively reasonable. *See id.* This presumption is strong. *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992).

Moreover, the lodestar amount should not be adjusted on the basis of a factor subsumed in the lodestar calculation. *See Perdue*, 559 U.S. at 546 ("[F]actors subsumed in the lodestar calculation cannot be used as a ground for increasing an award above the lodestar").[3] For example, the novelty and complexity of a case may not be used to enhance an award because, presumably, these factors are fully reflected in the number of billable hours recorded by counsel. *Id.* at 553. Similarly, the quality of an attorney's performance should not be used to adjust the lodestar because such considerations are normally reflected in the reasonable hourly rate. *Id.*

---

[2] The *Hensley* court recognized one method for determining reasonable fees explained by the Fifth Circuit in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). *Hensley*, 461 U.S. at 434 n.9. *Johnson* laid out twelve factors which a district court was supposed to consider when assessing the reasonableness of any fee award: The factors identified in *Johnson* are: (1) the time and labor required by the case; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee for similar work in the community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson,* 488 F.2d at 717–19

These factors, however, suffered from much the same problems as any multi-factor balancing test endures: namely, they provide little actual guidance to district courts while yielding unpredictable and, at times, arbitrary results. *See Perdue*, 559 U.S. at 551 (criticizing specifically the twelve factor *Johnson* method of determining the reasonableness of fees). *See also Lexmark Intern., Inc. v. Static Control Components, Inc.*, 134 S.Ct. 1377, 1392 (2014) (commenting generally on open-ended balancing tests).

[3] The *Perdue* court spoke only of *enhancements* of an initial lodestar calculation, but this Court sees no reason the principle—that a lodestar calculation may not be increased based on a factor subsumed in the initial calculation—should not also operate in the inverse. If any given consideration is necessarily incorporated into the initial calculation of the lodestar, adjusting the calculation again thereafter (upward or downward) based on the same consideration would simply serve to double-count its effect.

4

A request for attorney's fees should not, however, result in a second major litigation. *Hensely,* 461 U.S. at 437. Where the parties are unable to reach a settlement regarding fees, the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended along with hourly rates. *Id.* The applicant should exercise billing judgment with respect to hours worked and should maintain billing time records in a manner that will enable a reviewing court to identify distinct claims. *Id.* The fee applicant must submit appropriate documentation to meet "the burden of establishing entitlement to an award." *Hensley*, 461 U.S. at 437. "But trial courts need not, and indeed should not, become green-eyeshade accountants. The essential goal in fees (to either party) is to do rough justice, not to achieve auditing perfection." *Fox v. Vice*, 563 U.S. 826, 838 (2011).

Thus, while the fee-applicant bears the burden of establishing entitlement to an award and of adequately documenting the appropriate hours expended and their corresponding rates, the government bears the burden of overcoming the strong presumption of reasonableness held by the lodestar. *See Hensley*, 461 U.S. at 437; *Dague*, 505 U.S. at 562.

**C.     Analysis**

The Commissioner has conceded (1) Plaintiff's eligibility for fees in principal and (2) Plaintiff's hourly rates. She contends only the *number* of hours spent by Plaintiff's counsel on this case are unreasonable. (Def. Br. at 3). As a result, the Court accepts Plaintiff's rate of $190.38 per hour for April 2014, the month in which the majority of legal work was performed for the District Court litigation. (P's. Br. at 4). The Court also accepts Plaintiff's rate of $190.88 for May 2015, the month in which the majority of legal work was performed for the Seventh Circuit appeal.

5

The Commissioner has not specifically disputed any particular billing entry. Rather, she asserts Plaintiff's counsel was generally inefficient with the time spent drafting the initial District Court brief and the appellate briefs. Nowhere in the Commissioner's brief does she identify any particular unreasonable billing entry. The closest she comes to explaining why Plaintiff's time entries are generally overstated is an assertion of counsel's experience in the field (a factor which would itself seem more relevant to counsel's hourly rate than the number of hours he billed).[4] The only citation to authority provided in her section titled "The Fees Sought By Plaintiff Are Not Reasonable," other than a general statement of law from *Hensley*, is to an unreported district court opinion from another circuit, used to support the proposition that Plaintiff's counsel knows how to litigate Social Security cases. *Compare* (Def.'s Br. at 4) (citing *Jackson v. Astrue*, 2011 WL 6649444 (E.D. Mich., Dec. 21, 2011), *with Perdue v. Kenny*, 559 U.S. 542, 553 ("We have also held that the quality of an attorney's performance generally should not be used to adjust the lodestar '[b]ecause considerations concerning the quality of a prevailing party's counsel's representation normally are reflected in the reasonable hourly rate.'")[5] (quoting *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 566 (1986)). The Court fails to see how this is intended to overcome the strong presumption of reasonableness held by the lodestar—or what purpose it is intended to serve more generally.

---

[4]     *See Perdue*, 559 U.S. at 553 ("We have thus held that the novelty and complexity of a case generally may not be used as a ground for an enhancement because these factors 'presumably [are] fully reflected in the number of billable hours recorded by counsel.' We have also held that the quality of an attorney's performance generally should not be used to adjust the lodestar '[b]ecause considerations concerning the quality of a prevailing party's counsel's representation normally are reflected in the reasonable hourly rate.'") (citations omitted) (quoting *Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 566 (1986)).

[5]     The facts in Perdue dealt with an award of fees and enhancements arising from a violation of constitutional civil rights, which is potentially distinguishable from the case at-bar. The Court has also stated, however, that the case law construing what constitutes a "reasonable" fee applies uniformly to all federal fee-shifting statutes. *See City of Burlington v. Dague*, 505 U.S. 557, 562 (1992).

The Commissioner dedicates this entire subsection to ensuring the Court accurately read Plaintiff's billing entries (*see*, e.g., Def.'s Br. at 4 ("Of the 140 hours spent briefing this case before this Court and the court of appeals, [Plaintiff's counsel] expended over 70 hours on the appellate brief.")), but at no point does she explain why any of these time expenditures were unreasonable.

The Court is not requiring the Commissioner to dispute individual time entries on the itemized statement. Nor need she "plead with particularity" to challenge a fee application. The goal of fee shifting statutes, after all, is to do "rough justice." The litigants, like the Court, need not necessarily become "green eyeshade accountants" scrutinizing the billing itemization with "auditing perfection." At the same time, however, the party opposing the fee application must provide more than a mere *allegation* of unreasonableness. She must, at the very least, *explain* why opposing counsel's itemized statement includes more time than necessary—an argument regarding *why* an attorney as experienced as Plaintiff's should reasonably have taken less time would have sufficed.

But this she has not done.

The Commissioner's brief begs the Court not to saddle the taxpayer with the cost of unnecessary litigation. But it is *this very kind* of agency action which the EAJA is intended to curtail. The operation of the EAJA attempts to correct the problem of moral hazard endemic to a system which puts the interests of the state—in the form of budget concerns—against the legal rights of an individual. When facing a factual situation where the law demands a result disadvantageous to a government decisionmaker inferior to Congress, she may be tempted to issue a determination contrary to law in hopes that the error goes unnoticed and unchallenged. These determinations—like here—are identifiable by their lack of "substantial justification." The

7

Commissioner would then, in her official capacity, receive a double-benefit—a claim is lifted from her docket while retaining the same budget allocation she would have had regardless, all the while evading the budget loss demanded by law. The EAJA attempts to correct such behavior by penalizing the improper choice while simultaneously removing the possibility of the benefit.

This award is not—at its core—intended by Congress to unduly benefit the Plaintiff at the cost of the taxpayer. It is to penalize the "substantially [un]justified position" of the Social Security Administration. The Commissioner conceded—in an attempt to rescue her current position—that her prior positions were unjustified. Yet her argument amounts to an invitation for the Court to scour Plaintiff's time sheet in search of something worth striking. The Court declines the invitation. She provides no explanation—no rendering of reasons in support of her desired outcome—only an assertion that Plaintiff's counsel knows the law.

With that, at least, the Court agrees.

**D.    Conclusion**

The Court FINDS the lodestar figure presumptively reasonable and ACCEPTS Plaintiff's fee application in its entirety. Plaintiff's Motion for Attorney's Fees is GRANTED. Plaintiff is AWARDED fees and costs in the amount of $33,265.35. This award consists of:

(1)    65.1 attorney hours and 0.5 legal assistant hours for District Court litigation at $190.38/hour and $95.00/hour, respectively ($12,393.73 + $47.50 = $12,441.23);

(2)    105.2 attorney hours and 2.0 legal assistant hours for Seventh Circuit appeal at $190.88/hour and $95.00/hour, respectively ($20,080.57 + $190.00 = $20,270.57); and

(3)    2.9 attorney hours for Plaintiff's Reply at $190.88 ($553.55).

SO ORDERED on March 16, 2017.

          s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT JUDGE